IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| INACOM CORP., *et al.*,[1] | ) | Case No. 00-2426 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: June 12, 2009, at 4:00 p.m. (ET)**
**Hearing Date: June 18, 2009, at 9:30 a.m. (ET)**

**PLAN ADMINISTRATOR'S MOTION ON BEHALF OF INACOM CORP. FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CHAPTER 11 CASES**

Executive Sounding Board Associates, Inc., the Plan Administrator (the "Plan Administrator") for the above-captioned liquidating debtors and former debtors in possession (the "Debtors"), on behalf of InaCom Corp. (the "Remaining Debtor"), hereby moves this Court for the entry of a final decree closing the Remaining Debtor's Chapter 11 case and thus these chapter 11 cases (the "Chapter 11 Cases") pursuant to section 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this motion (the "Motion"), the Plan Administrator respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2. Venue of this matter in this district is proper pursuant to 28 U.S.C. § 1409.

3. The statutory bases for the relief requested herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1(a).

## Background

4. On June 16, 2000 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases were consolidated for procedural purposes only and were jointly administered pursuant to an order of this Court.

5. By order entered on May 23, 2003 (the "Confirmation Order"), this Court confirmed the Joint Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code Official as Amended (the "Plan"). The Plan and the associated Plan Administrator Agreement provided for the investiture of the Plan Administrator as the representative of the liquidating Debtors charged with liquidation and distribution of the Debtors' assets in accordance with the Plan. The Plan Administrator has served in this capacity since the effective date of the Plan.

6. As distributions progressed, the Plan Administrator sought the closing of certain of the Debtors' cases. On December 1, 2004, the Court entered its Order and Final

Decree Closing the Subsidiary Debtors' Chapter 11 Cases regarding the following subsidiary cases: (a) InaCom Latin America, Case No. 00-2427; (b) InaCom Solutions, Inc., Case No. 00-2428; (c) InaCom Communications, Inc., Case No. 00-2429; (d) InaComp Financial Services, Inc., Case No. 00-2432; (e) Perigee Communications, Inc., Case No. 00-2447; (f) Networks, Inc., Case No. 00-2441; (g) InaCom International, Inc., Case No. 00-2430; (h) InaCom Tennessee, Inc., Case No. 00-2433; (i) InaCom Professional Services, Inc., Case No. 00-2434; (j) Kure Associates, Inc., Case No. 00-2452; (k) Office Products of Minnesota, Inc., Case No. 00-2445; (l) Boston Computer Exchange Corporation, Case No. 00-2435; (m) Vanstar Corporation, Case No. 00-2443; (n) Computerland International Development, Inc., Case No. 00-2437; (o) Computerport World Trade, Inc., Case No. 00-2439; (p) Vanstar International Corporation, Case No. 00-2448; (q) VST West, Inc., Case No. 00-2442; (r) VST Illinois, Inc., Case No. 00-2450; (s) VSTNC, Inc., Case No. 00-2444; (t) Cland Tex, Inc., Case No. 00-2436; (u) InaCom Government Systems, Inc., Case No. 00-2431; (v) Contract Data, Inc., Case No. 00-2449; (w) Computer Professionals, Inc., Case No. 00-2438; and (x) Vanstar Professional Technical Resources, Inc., Case No. 00-2451 [Docket No. 5814].

7. On January 24, 2006, the Court entered its Order and Final Decree Closing the Subsidiary Debtors' Chapter 11 Cases regarding the following subsidiary cases: (a) Gorham Clark, Inc., Case No. 00-2440 and (b) PC Technical Services, Inc., Case No. 00-2446 [Docket No. 5887].

8. Consequently, as of the date hereof, only the case of debtor InaCom Corp., Case No. 00-2426, remains open.

9. The Plan Administrator and/or the Debtors have filed all of the requisite monthly operating reports and post-confirmation quarterly reports and have paid the quarterly fees associated therewith, through and including the first quarter of 2009. The Plan Administrator has also paid estimated quarterly fees for the second quarter of 2009. The Plan Administrator will submit to the Office of the United States Trustee a final quarterly report for the second quarter of 2009 promptly upon completion of such report and pay quarterly fees (if any) in excess of the amounts paid on an estimated basis.

10. In accordance with Local Rule 5009-1(b), attached hereto as Exhibit A is the Plan Administrator's Verified Final.

**Relief Requested**

11. The Plan Administrator on behalf of the Remaining Debtor seeks entry of an Order and final decree closing the Remaining Debtor's Chapter 11 case and thus the Chapter 11 Cases, pursuant to section 350(b) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1(b), with such order deemed effective as of the date of entry. The Plan Administrator further requests that such case-closing order be without prejudice to or otherwise affect the continuing effect of the Plan and applicable provisions of the Confirmation Order, the Plan Administrator Agreement, and any other agreements with the Plan Administrator that will survive the closing of the Debtors' cases and that such case-closing order authorize and direct all actions by the Plan Administrator, its employees, professionals, and representatives necessary or appropriate in connection with the closing, including but not limited to the completion of final audits, the filing of final estate tax returns, the issuance to beneficiaries and filing of final tax

statements, the filing of a notice to shorten the period for audit of such final returns, responding to any audit, the filing and issuance of forms 1099, and the closing of bank accounts.

**Basis for Relief**

12. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 similarly provides that "[a]fter an estate is fully administered in a chapter 11 reorganization, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bankr.P. 3022. In this District, section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 are effectuated by Local Rule 5009-1(a), which states that:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the lead case and any jointly administered cases and (ii) identifies the case name and the case number of all cases to be closed under the order.

Del.Bankr.L.R. 5009-1(a)

13. The above-noted provisions evidence a long-standing policy in favor of terminating bankruptcy court supervision over a debtor after its reorganization plan has been confirmed. *See generally North Amer. Car Corp. v. Peerless Weighing & Vending Machine Corp.*, 143 F.2d 938, 940 (2d Cir. 1944). The Advisory Committee note to Bankruptcy Rule 3022 sets forth six factors that a court should consider in determining whether a case is fully administered:

1. Whether the order confirming the plan has become final;
2. Whether deposits required by the plan have been distributed;
3. Whether the property proposed by the plan to be transferred has been transferred;

4. Whether the debtor has assumed the business or the management of the property dealt with by the plan;

5. Whether payments under the plan have commenced; and

6. Whether all motions, contested matters and adversary proceedings have finally been resolved.

14. Not all of these factors need to exist before the court may enter a final decree. *See, e.g., In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Moreover, the factors listed in the Advisory Committee note are not exclusive. *See, e.g., In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992). Rather, courts use these factors "as a guide in assisting the . . . decision to close the case." *Mold Makers*, 124 B.R. at 768. "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *In re Ground Systems, Inc.*, 213 Bankr. 1016, 1019 (B.A.P. 9th Cir. 1997).

15. In the case of the Remaining Debtor and the Chapter 11 Cases, the factors articulated in the Advisory Committee note have been satisfied, because: (a) the Confirmation Order has become final; (b) all deposits, distributions, and transfers of property contemplated by the Plan have been or shortly will be completed; (c) the Debtors liquidated pursuant to the Plan; (d) payments under the Plan have been commenced and completed;[2] and (e) all motions and contested matters, including the adversary proceedings commenced by the Debtors and pending before this Court, have been finally resolved. The Debtors' remaining tasks are limited to the de minimis distribution described in footnote 2, which is expected to be completed prior to the

---

[2]The Plan Administrator expects to make a de minimis further distribution, in total amount of approximately $75,000, which distribution is expected to be completed before the hearing on this Motion.

hearing on this Motion, the submission of its final quarterly report and payment of quarterly fees, and certain other miscellaneous activities associated with the shutdown of the Plan Administrator's activities.

16. Section V.C.3.f. of the Plan provides that promptly after the Final Distribution, as defined in the Plan, the Plan Administrator shall petition the Bankruptcy Court for closing of the Debtors' cases. The Final Distribution as contemplated by the Plan has been completed.

17. The Plan Administrator submits that the Chapter 11 Cases are now fully administered as contemplated by the Plan, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and that the Remaining Debtor's case should now be closed.

18. The Court would still possess and retain jurisdiction and authority to reopen the Debtors' cases for further administration pursuant to section 350(b) of the Bankruptcy Code in the event that the need to do so would arise. The relief sought herein will not prejudice any other party in interest.

19. Accordingly, it is appropriate for the Court to enter a final decree closing the Remaining Debtor's case.

**Notice**

20. Notice of this Motion has been given to (a) the Office of the United States Trustee and (b) those persons who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given

## No Prior Request

21. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Plan Administrator on behalf of the Remaining Debtor respectfully requests entry of a final decree closing the Remaining Debtor's case pursuant to section 350 of Bankruptcy Code, Rule 3022 of the Bankruptcy Rules, and Rule 5009-1(a) of the Local Rules, and granting such other and further relief as this Court deems just and proper.

Dated: May 29, 2009

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel for the Plan Administrator